NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEITSCH PLASTIC CO., INC., | No. 22-55569 |
| Plaintiff-Appellee, | D.C. No. 2:21-cv-00212-PA-MRW |
| v. | |
| GREDALE, LLC, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 7, 2023**
Pasadena, California

Before: GRABER, and OWENS, Circuit Judges, and TUNHEIM,*** District Judge.

Appellant Gredale, LLC ("Gredale") appeals the district court's judgment in

favor of Deitsch Plastic Co., Inc. ("Deitsch") concerning Deitsch's breach of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

contract claim and Gredale's counterclaim for breach of warranty.

At the height of the COVID-19 pandemic, Gredale ordered polyvinylchloride ("PVC") fabric from Deitsch to use for reusable medical isolation gowns. Deitsch then sued Gredale for breach of contract due to non-payment, and Gredale counterclaimed for breach of warranty, alleging that the PVC fabric was nonconforming because it could not withstand washing at 160 degrees Fahrenheit. The district court, after a bench trial, concluded that Gredale breached its contractual obligation to pay Deitsch, and that Gredale failed to establish by a preponderance of the evidence that Deitsch breached either an express or implied warranty for the fabric. The district court also raised and sustained its own hearsay objection to an alleged statement a Gredale customer made about the gowns failing to withstand the necessary washes. Gredale timely appeals.

We review for clear error the district court's factual findings after a bench trial. *Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015). "Under the clear error standard, reversal is appropriate only when, after reviewing the record, the reviewing court is left with a definite and firm conviction that a mistake has been made below." *Plumber, Steamfitter & Shipfitter Indus. Pension Plan & Tr. v. Siemens Bldg. Techs. Inc.*, 228 F.3d 964, 968 (9th Cir. 2000). Questions of law are

2

reviewed de novo. *Id.*

1. The district court applied the proper legal standard when it declined to use Section 2608 of the California Commercial Code ("Section 2608") to determine whether a breach of warranty occurred. The comments to Section 2608 discuss the standard for revocation of an acceptance, not the standard for determining whether a breach of warranty occurred. Cal. Com. Code § 2608, U.C.C. cmt 2. Because Section 2608 establishes a remedy for breach of warranty, the district court did not err in first evaluating whether a breach of warranty in fact occurred. *See* Cal. Com. Code § 2608(1) (providing that a buyer may revoke acceptance based on nonconformity only after a breach of warranty has occurred).

2. The district court did not err in concluding that Gredale did not establish by a preponderance of the evidence that any warranty, express[1] or implied, was breached. The district court determined that Gredale failed to establish by a preponderance of the evidence (1) that Deitsch provided a written warranty or statement as to the fabric's ability to withstand washes, (2) that the PVC fabric was not of the same quality as those generally acceptable in the trade, or (3) that

---

[1] Gredale waived any challenge to the conclusion that it failed to prove the necessary elements for breach of an express warranty by not addressing the issue on appeal. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief . . . .").

Deitsch knew or had reason to know that the reusable isolation gowns and the PVC fabric had to withstand washing at 160 degrees Fahrenheit.

A breach of the implied warranty of merchantability occurs if the product lacks "even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Ct. App. 2003)). The district court concluded that Gredale failed to establish by a preponderance of the evidence that the PVC fabric was not of the same quality as those gowns generally accepted in the trade, was not fit for the ordinary purpose for which such goods are used, or was not conforming to the quality established by the parties' prior dealing or usage of trade.

Here, the record fails to show that Deitsch knew the specific medical setting for which the gowns were intended, and the district court found that Gredale did not proffer any expert testimony concerning industry standards related to reusable medical isolation gowns, washing procedure and temperatures, or other specialized knowledge. By contrast, Deitsch's expert testified that he used the same fabric in some medical settings and that the PVC fabric could withstand at least 25 washes, albeit at a temperature lower than 160 degrees Fahrenheit. That testimony established that the PVC fabric was fit for a basic degree of use in some medical settings. Thus, the district court did not clearly err.

4

To prevail on a claim for breach of the implied warranty of fitness for a particular purpose, the plaintiff must show that the seller, at the time of contracting, had reason to know of the buyer's particular purpose. *Keith v. Buchanan*, 220 Cal. Rptr. 392, 399 (Ct. App. 1985); Cal. Com. Code § 2315. Although the record is sufficient to establish that Deitsch knew the isolation gowns were meant to be used in medical settings, the district court found that Gredale failed to establish that Deitsch knew or had reason to know that the gowns must have been capable of withstanding washing at 160 degrees Fahrenheit. The record does not reflect that Deitsch knew the particular medical setting the gowns were meant for, so the district court did not clearly err in this regard.

3. Any post-trial procedural error resulting from the district court's excluding the portion of Greg Lorber's declaration discussing one of his customer's complaints about the gowns was harmless. The statements in question were irrelevant to the breach of warranty determination.

**AFFIRMED.**

5